UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MITCHELL McGHEE,<br><br>Plaintiff,<br><br>v.<br><br>WARRICK COUNTY, et al.,<br><br>Defendants. | CAUSE NO. 3:24-CV-952-JD-JEM |

OPINION AND ORDER

Mitchell McGhee, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

McGhee, who is currently incarcerated at the Indiana State Prison, alleges his iPhone and $1,449 of his currency were confiscated during his state court criminal proceedings in *State of Ind. v. McGhee*, cause number 87C01-2307-F2-000374 (Warrick

Cir. Ct. filed Jul. 21, 2023).[1] McGhee has attached several documents to his complaint indicating that on August 1, 2024, Warrick Circuit Court Judge Greg A. Granger granted McGhee's motion to release evidence and ordered that "Defendant's phone and U.S. currency be released to the Defendant's representative." ECF 1-1 at 1. On September 23, 2024, McGhee filed a motion to show cause followed by a motion to compel the State to release his property because it had not yet been returned. The prosecutor, Jon A. Schaefer, filed a response indicating the State had "no objection to the return of the Defendant's cell phone" but objected to the "release of any currency determined to be counterfeit." *Id*. at 4. The response further noted:

> This office has contacted the Indiana State Prison, where the Defendant is housed, and has been informed that they would not accept this type of property of mailed to their facility. Therefore, the Defendant should designate an individual to pick up the items from their current location and be responsible for safe-keeping, until the Defendant is able to retrieve them himself.

*Id*. at 4. McGhee alleges he then had his family call the Chandler Police Department—where presumably the property is currently located—but they would not release the phone or money to them. On November 1, 2024, he received a letter from Prosecutor Schaefer indicating it had been determined the money was not counterfeit so it could be

---

[1] The state court docket shows McGhee was convicted of possession of twenty-eight grams or more of a narcotic drug following a jury trial on December 6, 2023. *See State of Ind. v. McGhee*, cause number 87C01-2307-F2-000374 (Warrick Cir. Ct. filed Jul. 21, 2023, available online at https://public.courts.in.gov/mycase (last visited Feb. 19, 2025). He was sentenced to sixteen years imprisonment on May 10, 2024. *Id*.

2

released,[2] but that the Indiana State Prison said they would not be willing to accept the property. He gave his sister, Pastor Brenda Russell, the number of the prosecutor's office "to contact to come get my property." ECF 1 at 3. He states Indiana State Prison Deputy Warden Dawn Buss later told him they would be willing to accept the property, so be believes Prosecutor Schaefer is in "contempt of court" for lying about the Indiana State Prison's procedures. *Id*. He has sued the following defendants from the Southern District of Indiana—Warrick County, State Prosecutor Jon A. Schaefer, Chandler Chief of Police Kirk Tevault, Chandler Deputy Chief of Police Jordan Carr, Chandler Police Officer Jordan McDowell, and Warrick Circuit Court Judge Greg A. Granger—along with the following defendants from the Northern District of Indiana—Indiana State Prison Warden Ron Neal and Indiana State Prison Deputy Warden Dawn Buss—"to give my money and phone" back and order the defendants to "send my property to my sister Pastor Brenda Russell 3935 Brookside Dr. Peoria, Ill 61604." *Id*. at 4.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law. . .." However, even the unauthorized intentional deprivation of a prisoner's property by a state employee does not violate the Constitution if a "meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or

---

[2] McGhee claims the money was received from a customer for the purchase of shoes from his business called "McGhee Mitch Match Shoe Store." ECF 1 at 2–3. The business is not named as a plaintiff in this lawsuit.

intentional deprivation of property meets federal constitutional requirements by providing due process of law. *Id.* ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana provides such remedies—namely, the Indiana Tort Claims Act (Ind. Code §§ 34-13-3-1 *et seq.*) and/or a replevin action (Ind. Code § 32-35-2-1)—to redress claims like McGhee's. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (affirming district court's dismissal of prisoner's Fourteenth Amendment claim because he had "an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due"); *see also Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002) (finding that Illinois replevin law, which is similar to Indiana's replevin law, provides adequate due process for those seeking the return of their property); *Higgason v. Morton*, 171 Fed. Appx. 509, 513 (7th Cir. 2006) (noting that prisoner's federal due process claim related to the intentional deprivation of his personal property should have been immediately dismissed for failure to state a claim because the Indiana Tort Claims Act provided an adequate remedy).

Here, McGhee asserts his property is being intentionally withheld—or has possibly been lost or destroyed—by various state actors.[3] However, because he has

---

[3] Interestingly, although Prosecutor Schaefer directed McGhee to "designate an individual to pick up the items from their current location and be responsible for safe-keeping until the Defendant is able to retrieve them himself" (ECF 1-1 at 4), McGhee does not allege he has properly done so. He states only that he had family members call the police station and that he gave his sister the phone number to the prosecutor's office. It is not reasonable to infer that these actions were sufficient to facilitate the lawful release of his property.

4

neither suggested that the property is being withheld as a result of some established procedure nor that the Tort Claims Act and/or an Indiana replevin action is inadequate to address these issues, he has failed to state a federal due process claim.[4] *See e.g., Johnson v. Wallich*, 578 Fed. Appx. 601, 602 (7th Cir. 2014) (affirming dismissal of plaintiff's property loss claims pursuant to 28 U.S.C. § 1915A(b)(1) because state law provides post deprivation "remedies for those whose property has been converted or damaged by another").

McGhee has also filed a motion for preliminary injunctive relief asking the court to order the defendants to "provide me with my currency of $1,449 to refund a customer at my business of McGhee Mitch Match of Marvin Sanders Pastor." ECF 7 at 1. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

---

[4] To the extent McGhee may be trying to assert negligence, conversion, or some other state law claims related to his property, his allegations are too vague to state a plausible claim against any of the named defendants. Even if he had stated such a claim, the court would decline to exercise supplemental jurisdiction and would instead dismiss such claims without prejudice. *See* 28 U.S.C. § 1367; *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010); *Higgason v. Barnes*, 95 F.3d 1154 (7th Cir. 1996) ("Without a valid due process claim or any other viable federal claim, the district court properly declined supplemental jurisdiction over the state tort law complaint.").

5

McGhee's motion must be denied because he has no chance of success on the merits—as his complaint fails to state any federal claims—and because he has not plausibly alleged he is suffering irreparable harm—as his motion seeks only monetary damages and he retains an adequate remedy at law. *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) ("a mere possibility of success is not enough"); *see also Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020) (irreparable harm is "harm that cannot be repaired and for which money compensation is inadequate") (internal quotation marks and citation omitted)).

For the reasons outlined above, this complaint fails to state any claims. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). As previously explained, such is the case here.

Accordingly, the court:

(1) DENIES the motion for a preliminary injunction (ECF 7); and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A(b)(1) because the complaint fails to state any claims.

SO ORDERED on February 21, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT